

Meister Seelig & Fein LLP

Ilana Haramati
*Of Counsel*
Direct (646) 860-3130
Fax (212) 655-3535
ih@msf-law.com

August 6, 2021

**VIA ECF**

The Honorable John G. Koeltl
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: *United States v. Asim Hameedi*, 17 Cr. 137 (JGK)

Dear Judge Koeltl:

> Application to waive interest on the restitution is denied. The defendant has the ability to pay restitution, including interest, on the terms provided in the order of restitution. The Court will sign the Order of Restitution proposed by the Government. So ordered.
> 
> /s/ John G. Koeltl
> 8/9/21  U.S.D.J.

We represent defendant Dr. Asim Hameedi in the above-referenced case. In accordance with the Court's order during the May 20, 2021 sentencing proceeding that the parties submit proposals regarding the terms of Dr. Hameedi's restitution order, (Sentencing Tr. 55:13-16; Judgment, ECF Doc. 474, at 6), we write to respectfully request that the Court waive interest on Dr. Hameedi's $554,331 restitution judgment until he has completed the 20-month period of incarceration imposed by the Court.[1]

Pursuant to 18 U.S.C. § 3612(f), unless otherwise specified by the Court, interest on restitution begins to accrue automatically 15 days after the entry of judgment, and will continue to accrue even during Dr. Hameedi's period of incarceration. *See* § 3612(f)(1). The statute, however, permits the Court to "waive the requirement for interest" or "limit the length of the period during which interest accrues," upon finding "that the defendant does not have the ability to pay interest." § 3612(f)(3).

Dr. Hameedi meets this statutory criterion. Dr. Hameedi will be unable to earn an income to make payments towards his restitution judgment during his 20-month period of incarceration. Nor can he use his existing assets, which largely consist of illiquid real estate holdings, to satisfy his restitution obligation prior to his September 24, 2021 surrender date. Accordingly, we respectfully request that the Court waive interest on his restitution judgment until he begins his term of supervised release. Indeed, Courts frequently waive interest on precisely this basis. *See, e.g., United States v. Pinto-Thomaz*, 18-cr-579 (JSR), Amended Judgment, ECF Doc. 166

---

[1] Other than this request for waiver of interest during Dr. Hameedi's term of incarceration, we have no further objection to the government's proposed restitution order.

125 Park Avenue, 7th Floor, New York, NY 10017 | Phone (212) 655-3500 | Fax (212) 655-3535 | meisterseelig.com

Hon. John G. Koeltl
August 6, 2021
Page 2 of 2

_____

(S.D.N.Y. Nov. 7, 2019) (waiving interest on fine and forfeiture); *United States v. Porges*, 17-cf-431 (NGG), Judgment, ECF Doc. 41 (E.D.N.Y. Nov. 22, 2019) (waiving interest on fine).

      We have conferred with counsel for the government, who advised us that the government does not consent to this request.

                                      Respectfully submitted,

                                      _____/s/ IH_____
                                      Henry E. Mazurek
                                      Ilana Haramati

                                      *Counsel for Defendant Asim Hameedi*

cc:    Counsel of Record (*via ECF*)

125 Park Avenue, 7th Floor, New York, NY 10017  |  Phone (212) 655-3500  |  Fax (212) 655-3535  |  meisterseelig.com